IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE HOWARD ANDREWS, JR. § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | No. 3:18-cv-1097-N (BT) |
| § | | |
| TEXAS DEPT. OF CORRECTIONS, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Willie Andrews filed a *pro se c*ivil rights complaint pursuant to 42 U.S.C. § 1983. The district court referred the resulting action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the district court should dismiss this action for want of prosecution.

I.

Plaintiff filed his complaint on April 30, 2018. The same day, the court mailed Plaintiff a Notice and Instructions for *Pro Se* Parties. On May 4, 2018, the court mailed Plaintiff an order granting him leave to proceed *in forma pauperis*. On May 30, 2018, the Notice and Instructions for *Pro Se* Parties was returned as undeliverable, and on May 31, 2018, the court's order granting Plaintiff leave to proceed *in forma pauperis* was returned as undeliverable. Plaintiff has not provided the court with any alternative address.

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.,* 370 U.S. 626 (1962)). Plaintiff has failed to provide the Court with a current address. Without this information, the court cannot communicate with Plaintiff, and this litigation cannot proceed. Accordingly, Plaintiff's complaint should be dismissed for want of prosecution.

III.

Plaintiff's complaint should be dismissed without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed June 22, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).